**Sandra G. OTT, Appellant–Respondent,**

v.

**Francis M. OTT, Appellee–Petitioner.**

No. 64A03–9511–CV–380.

Court of Appeals of Indiana.

April 26, 1996.

Duane W. Hartman, Blachly, Tabor, Bozik & Hartman, Valparaiso, for Appellant.

Lori L. Ferngren, Law Offices of James V. Tsoutsouris, Valparaiso, for Appellee.

## OPINION

HOFFMAN, Judge.

Appellant-respondent Sandra G. Ott appeals the trial court's order modifying child support payments for a minor child by appellee-petitioner Francis M. Ott. The facts relevant to the appeal are recited below.

The marriage of the parties was dissolved in August 1989. At that time, Sandra was awarded custody of the parties' two minor children, Heather and David. Francis was ordered to pay $650.00 per month in child support.

In February 1995, Francis petitioned to modify support and emancipate Heather whose twenty-first birthday was in the same month. A hearing was held in July 1995. The evidence disclosed that David, who was 19 years old at the time of the hearing, was employed full-time during the summer, living in an apartment at school, and attending junior college during the regular semester. Further, Francis testified he was not requesting that David be adjudged emancipated.

On July 25, 1995, the trial court entered an order *inter alia* finding: Heather emancipated; a weekly support obligation of $187.00 per week for David pursuant to the Indiana Child Support Rules and Guidelines; David capable of contributing 70% of the $187.00; and Francis liable for $43.00 per week based upon the parties' respective incomes. This appeal ensued.

■ As restated, Sandra raises one issue for review: whether the trial court erred in determining that, pursuant to IND.CODE § 31-1-11.5-12 (1993 Ed.), David is responsible for 70% of the guidelines' amount of $187.00 per week where the trial court did not determine that David was emancipated.

■ To modify a child support order, the trial court must find a change in circumstances so substantial and continuing so as to render the existing terms unreasonable. *See* IND.CODE § 31-1-11.5-17(a) (1993 Ed.). This Court reviews a modification of a support order to determine whether the trial court abused its discretion. *Elliott v. Elliott,* 634 N.E.2d 1345, 1348 (Ind.Ct.App.1994). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* This Court reviews the evidence most favorable to the verdict, together with reasonable inferences to be drawn therefrom,

without assessing the credibility of witnesses or weighing the evidence. *Id.*

Here the trial court determined that the guidelines yielded a support amount of $187.00 and that, based upon IND.CODE § 31–1–11.5–12, David was capable of contributing 70% of that amount for his own support. Thus, Francis' support obligation was substantially reduced. The statutory provision states in pertinent part:

(d) The duty to support a child under this chapter ceases when the child reaches twenty-one (21) years of age unless:

\* \* \* \* \* \*

(3) the child:

(A) is at least eighteen (18) years of age;

(B) has not attended a secondary or postsecondary school for the prior four (4) months and is not enrolled in such a school; and

(C) is or is capable of supporting himself through employment;

in which case the child support terminates upon the court's finding that the conditions prescribed in this subdivision exist; however, if the court finds that the conditions set forth in clauses (A) through (C) are met but that the child is only partially supporting himself or capable of only partially supporting himself, the court may order that support be modified instead of terminated.

IND.CODE § 31–1–11.5–12. Termination of support or modification of support, based upon the child's capability of partially supporting himself, hinges upon the existence of all three circumstances noted in the provision. Here, David is a full-time college student. Accordingly, one condition has not been met.

█ It is important to note that Francis specifically testified that he was not requesting a finding that David was emancipated. The above statutory provision does not support the trial court's decision under these circumstances. Therefore, the trial court's decision must be reversed and remanded for a redetermination of support. If the trial court deviates from the guidelines' amount in setting support, a written finding setting forth the factual basis for the deviation is required. *See* Ind. Child Support Guideline 3 and Commentary.

Reversed and remanded with instructions.

GARRARD and BARTEAU, JJ., concur.